**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CECILIA PAZ TOBAR MANRIQUEZ and
ISIDORA BELÉN RUIZ TOBAR,

Plaintiffs,

v.

RIC BRADSHAW, in his official capacity as Sheriff of Palm Beach County,
KATHY HARRIS, in her official and individual capacities,
DANIEL BUMGARDNER, in his official and individual capacities,
ANDREW SOLER, in his official and individual capacities,
JULIA PRICE, in her official and individual capacities,
JOSHUA GONZALEZ, in his official and individual capacities,
BRENDAN MADURI, in his official and individual capacities,
and SEAN DEVRIEND, in his official and individual capacities,

Defendants.

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiffs Cecilia Paz Tobarmanriquez ("Cecilia") and Isidora Belén Ruiz Tobar

("Isidora"), by and through their undersigned counsel, bring this action against Defendants Ric

Bradshaw, in his official capacity as Sheriff of Palm Beach County ("Sheriff Bradshaw"),

Deputy Sheriff Kathy Harris ("Harris"), in her official and individual capacities, Deputy Sheriff

Daniel Bumgardner ("Bumgardner"), in his official and individual capacities, Deputy Sheriff

Andrew Soler ("Soler"), in his official and individual capacities, Deputy Sheriff Julia Price

("Price"), in her official and individual capacities, Deputy Sheriff Joshua Gonzalez

("Gonzalez"), in his official and individual capacities, Deputy Sheriff Brendan Maduri

("Maduri"), in his official and individual capacities, and Deputy Sheriff Sean Devriend

("Devriend"), in his official and individual capacities (collectively, "Defendants"), and state as

follows:

**INTRODUCTION**

1. This is an action for damages in excess of Five Million Dollars ($5,000,000), exclusive of costs, interest, and attorney's fees, arising from the egregious use of excessive force by Deputy Sheriff Kathy Harris against Plaintiffs Cecilia Paz Tobarmanriquez and her minor daughter, Isidora Belén Ruiz Tobar, during a pretextual traffic stop on March 23, 2022, in Palm Beach County, Florida.

2. The stop, initiated for a minor noncriminal traffic infraction—allegedly driving against painted markings in a gas station parking lot—escalated into a violent encounter due to Harris's failure to address a clear language barrier and her reckless disregard for Plaintiffs' constitutional rights.

3. Despite Cecilia's inability to understand English and Isidora's status as a 12-year-old minor, Harris forcibly removed both from their vehicle, threw them to the ground, and subjected them to physical and emotional harm, while other officers failed to intervene.

4. Plaintiffs bring this action under 42 U.S.C. § 1983 for violations of their Fourth Amendment rights, as well as under Florida law for battery, false imprisonment, and related torts, seeking compensatory and punitive damages.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 because the claims arise under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal law claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because (a) the conduct giving rise to the claims occurred in Palm Beach County, Florida, which lies within this judicial district, and (b) Defendants have offices, work, or reside in Palm Beach County, Florida.

**PARTIES**

8. Plaintiff Cecilia Paz Tobarmanriquez is a Hispanic female who, at all times relevant to this complaint, has resided in Palm Beach County, Florida. Cecilia is an immigrant from Chile and speaks Spanish as her primary language, with limited proficiency in English.

9. Plaintiff Isidora Belén Ruiz Tobar is a Hispanic female who, at all times relevant to this complaint, has resided in Palm Beach County, Florida. At the time of the incident on March 23, 2022, Isidora was a 12-year-old minor. Cecilia brings this action on her own behalf and as the legal guardian and next friend of Isidora, if applicable under Federal Rule of Civil Procedure 17(c).

10. Defendant Ric Bradshaw is the Sheriff of Palm Beach County, Florida, and is sued in his official capacity. Sheriff Bradshaw is responsible for the policies, practices, and training of deputy sheriffs employed by the Palm Beach County Sheriff's Office, including those involved in the incident described herein.

11. Defendant Kathy Harris was, at all times relevant to this complaint, employed as a deputy sheriff by the Palm Beach County Sheriff's Office and acted under color of law in her official and individual capacities.

12. Defendant Daniel Bumgardner was, at all times relevant to this complaint, employed as a deputy sheriff by the Palm Beach County Sheriff's Office and acted under color of law in his official and individual capacities.

13. Defendant Andrew Soler was, at all times relevant to this complaint, employed as a deputy sheriff by the Palm Beach County Sheriff's Office and acted under color of law in his official and individual capacities.

14. Defendant Julia Price was, at all times relevant to this complaint, employed as a deputy sheriff by the Palm Beach County Sheriff's Office and acted under color of law in her official and individual capacities.

15. Defendant Joshua Gonzalez was, at all times relevant to this complaint, employed as a deputy sheriff by the Palm Beach County Sheriff's Office and acted under color of law in his official and individual capacities.

16. Defendant Brendan Maduri was, at all times relevant to this complaint, employed as a deputy sheriff by the Palm Beach County Sheriff's Office and acted under color of law in his official and individual capacities.

17. Defendant Sean Devriend was, at all times relevant to this complaint, employed as a deputy sheriff by the Palm Beach County Sheriff's Office and acted under color of law in his official and individual capacities.

18. In committing the acts and omissions alleged herein, Defendants Harris, Bumgardner, Soler, Price, Gonzalez, Maduri, and Devriend acted under color of law, and some or all of their actions may have exceeded the scope of their employment with the Palm Beach County Sheriff's Office.

## FACTUAL ALLEGATIONS

19. On March 23, 2022, Cecilia was driving with her daughter, Isidora, in Palm Beach County, Florida. Cecilia pulled into a Chevron gas station to pump gas into her vehicle.

20. As Cecilia maneuvered her vehicle within the gas station parking lot, she allegedly drove against painted directional markings. This conduct, if true, constitutes a noncriminal traffic infraction under Florida Statute § 316.074 (obedience to traffic control devices), not cited in Harris's arrest report.

21. Deputy Sheriff Harris initiated a traffic stop based on this alleged infraction. Harris later admitted in her arrest report that she could not communicate effectively with Cecilia due to a language barrier, as Cecilia speaks Spanish and Harris does not.

22. Despite this clear language barrier, Harris did not request a bilingual officer or wait for backup who could communicate with Cecilia to de-escalate the situation. Instead, Harris escalated the encounter through physical force.

23. According to Harris's arrest report, when she attempted to reach into the vehicle to take the key from the ignition, Cecilia "struck [her] hand and said 'no.'" Cecilia denies making any physical contact with Harris, and this alleged interaction is uncorroborated except by Harris's self-serving report.

24. Harris then opened the passenger door, forcibly removed Isidora—a 12-year-old minor—from the vehicle, and threw her to the ground. Isidora suffered physical injuries, including bruises, abrasions, lacerations, and has since experienced severe emotional distress and trauma, for which she has sought medical and psychological treatment. Among her mental health struggles and psychological damage, she has been diagnosed with depression from the events that occurred.

25. Cecilia, witnessing the assault on her daughter, remained in the driver's seat in a state of shock and fear, with her hands on the steering wheel. She did not attempt to flee or resist Harris.

26. Harris then opened the driver's side door, grabbed Cecilia by her hair with such force that her scalp was pulled toward the ground while her body remained seated, and held her in this dangerous position for approximately 51 seconds while casually speaking on her two-way radio.

27. Harris subsequently dragged Cecilia out of the vehicle by her hair and slammed her onto the pavement, resting her body weight on Cecilia with a knee in Cecilia's back. Cecilia suffered physical injuries, including bruises, abrasions, lacerations, elevated blood pressure, a damaged thyroid, extracapsular rupture in her breast implant, and severe emotional distress including depression, for which she has sought medical and psychological treatment.

28. While Cecilia was on the ground, Isidora began recording the incident on her cell phone. Harris struck Isidora, knocking the phone to the ground, despite Isidora posing no threat and making no attempt to engage physically with Harris.

29. Throughout the incident, Cecilia was crying and pleading for help in Spanish, as audible in the recording, shouting "Please! Please!" Isidora, also crying, attempted to explain in broken English, "I don't speak English."

30. Harris failed to inform her department of the language barrier or request a bilingual deputy sheriff, which could have avoided the use of force entirely.

31. Defendants Bumgardner, Soler, Price, Gonzalez, Maduri, and Devriend arrived at the scene shortly thereafter and witnessed Harris's excessive use of force, including the violent removal of Isidora and Cecilia from the vehicle and Harris striking Isidora. Despite having a duty to intervene under clearly established law, they failed to take any reasonable steps to stop Harris's misconduct.

32. Harris arrested Cecilia for alleged battery on an officer under Florida Statute § 784.07, claiming Cecilia struck her hand. However, at the time of the seizure, no such contact had occurred, and Harris lacked probable cause for this charge.

33. Harris also claimed she contacted the registered owner of the vehicle, Jose Juan Francisco, who allegedly stated the vehicle was missing. Jose, who only speaks Spanish, later arrived at the scene and clarified that the vehicle was not stolen; Cecilia's husband was the lawful owner, and Jose had voluntarily returned the vehicle after failing to make payments.

34. Harris failed to conduct a reasonable inquiry into Jose's statements due to the language barrier and omitted this exculpatory information from her arrest report.

35. As a result of Harris's actions, Cecilia was detained overnight in jail, and both Plaintiffs suffered significant physical and emotional harm.

36. The Palm Beach County Sheriff's Office, under Sheriff Bradshaw's leadership, maintained policies or customs, including inadequate training on language barriers and de-escalation, that were a moving force behind the constitutional violations described herein.

37. Defendant Bumgardner has had 38 incidents reported against him including 5 citizen complaints, 2 citizen contacts, and 9 use of force events. As a result, he has been subjected to educational counseling twice.

38. Defendant Devriend has had 100 incidents reported against him including 9 citizen complaints, 43 citizen contacts, 2 court appearances, 17 incident reviews, and 9 use of force events. As a result, he has had a counseling form submitted, received verbal and written reprimands, lost his vehicle privileges and incident reviews have been conducted.

39. Defendant Gonzalez has had 88 incidents reported against him including 5 citizen complaints, 4 citizen contacts, and 8 use of force events. As a result, he has received a written reprimand, been subjected to educational and verbal counseling, and a further review of the incidents have occurred.

40. Defendant Harris has had **101** incidents reported against her including 14 citizen complaints, **33 citizen contacts**, 1 court appearance, 15 incident reviews, 1 inquiry/referral, and 6 use of force events. As a result, she has been subjected to educational counseling three times, suspended for a total of 40 hours, received written reprimands, been subjected to remedial training, and incident reviews were conducted.

41. Defendant Maduri has had 84 incidents reported against him including 8 citizen complaints, **39 citizen contacts,** 12 incident reviews, and 3 use of force events. As a

result, he has received a verbal reprimand, written reprimands, been subjected to educational counseling, and incident reviews have been conducted.

42. Defendant Price has had 23 incidents reported against her including 6 citizen complaints, 1 citizen contact, and 3 use of force events. As a result, she has been subjected to educational counseling, received a written reprimand, suspended for 8 hours, lost the privilege to the use of a vehicle, incident reviews were conducted, and she was ultimately terminated.

43. Defendant Soler has had 69 incidents reported against him including 1 citizen complaint, 5 citizen contacts, and 23 use of force events. As a result, he has been subjected to educational counseling, and incident reviews were conducted.

## CAUSES OF ACTION

### COUNT I: Fourth Amendment – Excessive Force (42 U.S.C. § 1983) Against Harris (Cecilia)

37. Plaintiff Cecilia re-alleges and incorporates Paragraphs 1-36 as if fully set forth herein.

38. Harris's use of force against Cecilia violated her Fourth Amendment right to be free from excessive force, as evaluated under the objective reasonableness standard set forth in *Graham v. Connor*, 490 U.S. 386 (1989): (a) the alleged crime (a noncriminal traffic infraction) was minor; (b) Cecilia posed no immediate threat to Harris or others; and (c) Cecilia did not resist arrest or attempt to flee.

39. Harris's actions, including pulling Cecilia by her hair, holding her in a dangerous position, and slamming her to the ground, were objectively unreasonable under the circumstances and constituted excessive force.

40. Harris acted under color of law, and her conduct violated clearly established law, precluding any defense of qualified immunity.

41. As a direct and proximate result of Harris's violation of Cecilia's civil rights, Cecilia has suffered damages, including physical injuries (bruises, abrasions, lacerations, elevated blood pressure, a damaged thyroid, and an extracapsular rupture in her breast implant), mental anguish, pain and suffering, emotional distress, fear, trauma, humiliation, embarrassment, loss of capacity for the enjoyment of life, immigration consequences, and medical expenses.

**COUNT II: Fourth Amendment – Excessive Force (42 U.S.C. § 1983) Against Harris (Isidora)**

42. Plaintiff Isidora re-alleges and incorporates Paragraphs 1-36 as if fully set forth herein.

43. Harris's use of force against Isidora violated her Fourth Amendment right to be free from excessive force, as evaluated under *Graham v. Connor*: (a) Isidora committed no crime; (b) Isidora posed no threat to Harris or others; and (c) Isidora did not resist or attempt to flee.

44. Harris's actions, including forcibly removing Isidora from the vehicle, throwing her to the ground, and striking her while recording, were objectively unreasonable and constituted excessive force against a 12-year-old minor.

45. Harris acted under color of law, and her conduct violated clearly established law, precluding any defense of qualified immunity.

46. As a direct and proximate result of Harris's violation of Isidora's civil rights, Isidora has suffered damages, including physical injuries (bruises, abrasions, lacerations), mental

anguish, pain and suffering, emotional distress, fear, trauma, humiliation, embarrassment, loss of capacity for the enjoyment of life, and medical expenses.

**COUNT III: Fourth Amendment – False Arrest (42 U.S.C. § 1983) Against Harris (Cecilia)**

47. Plaintiff Cecilia re-alleges and incorporates Paragraphs 1-36 as if fully set forth herein.

48. Harris arrested Cecilia for alleged battery on an officer without probable cause, as no such contact had occurred at the time of the seizure, and the initial stop was based solely on a noncriminal traffic infraction.

49. Harris's arrest of Cecilia constituted a seizure under the Fourth Amendment and was unlawful due to the absence of probable cause.

50. Harris acted under color of law, and her conduct violated clearly established law, precluding any defense of qualified immunity.

51. As a direct and proximate result of Harris's violation of Cecilia's civil rights, Cecilia has suffered damages, including mental anguish, emotional distress, humiliation, embarrassment, loss of liberty, immigration consequences, and associated expenses.

**COUNT IV: Fourth Amendment – False Arrest (42 U.S.C. § 1983) Against Harris (Isidora)**

52. Plaintiff Isidora re-alleges and incorporates Paragraphs 1-36 as if fully set forth herein.

53. Harris seized Isidora by forcibly removing her from the vehicle and throwing her to the ground without probable cause, as Isidora had committed no crime and posed no threat.

54. Harris's seizure of Isidora constituted an unlawful arrest under the Fourth Amendment.

55. Harris acted under color of law, and her conduct violated clearly established law, precluding any defense of qualified immunity.

56. As a direct and proximate result of Harris's violation of Isidora's civil rights, Isidora has suffered damages, including mental anguish, emotional distress, humiliation, embarrassment, and associated expenses.

**COUNT V: Fourth Amendment – Failure to Intervene (42 U.S.C. § 1983) Against Bumgardner, Soler, Price, Gonzalez, Maduri, and Devriend**

57. Plaintiffs re-allege and incorporate Paragraphs 1-36 as if fully set forth herein.

58. Defendants Bumgardner, Soler, Price, Gonzalez, Maduri, and Devriend witnessed Harris's excessive use of force against Cecilia and Isidora, including the violent removal of both Plaintiffs from the vehicle and Harris striking Isidora while she recorded the incident.

59. Each Defendant had a reasonable opportunity to intervene but failed to do so, in violation of their duty under clearly established law (e.g., *Byrd v. Clark*, 783 F.2d 1002 (11th Cir. 1986)).

60. These Defendants acted under color of law, and their failure to intervene violated clearly established law, precluding any defense of qualified immunity.

61. As a direct and proximate result of these Defendants' failure to intervene, Plaintiffs have suffered damages, including physical injuries, mental anguish, pain and suffering, emotional distress, fear, trauma, humiliation, embarrassment, loss of capacity for the enjoyment of life, immigration consequences, and medical expenses.

**COUNT VI: Municipal Liability – Policy or Custom (42 U.S.C. § 1983) Against Sheriff Bradshaw**

62. Plaintiffs re-allege and incorporate Paragraphs 1-36 as if fully set forth herein.

63. Sheriff Bradshaw, in his official capacity, is responsible for the policies, practices, and training of the Palm Beach County Sheriff's Office.

64. The Sheriff maintained a policy or custom of inadequate training and supervision regarding (a) handling language barriers during encounters with non-English-speaking individuals and (b) using de-escalation techniques to avoid unnecessary force, which was a moving force behind the constitutional violations suffered by Plaintiffs.

65. The failure to adequately train deputies on these matters amounts to deliberate indifference to the rights of individuals like Plaintiffs, who are disproportionately affected by such failures due to their language barriers and vulnerability.

66. As a direct and proximate result of Sheriff Bradshaw's policies or customs, Plaintiffs have suffered damages, including physical injuries, mental anguish, pain and suffering, emotional distress, fear, trauma, humiliation, embarrassment, loss of capacity for the enjoyment of life, immigration consequences, and medical expenses.

**COUNT VII: Battery (Florida Common Law) Against Harris (Cecilia)**

67. Plaintiff Cecilia re-alleges and incorporates Paragraphs 1-36 as if fully set forth herein.

68. Harris intentionally and unlawfully touched Cecilia against her will by pulling her hair, holding her in a dangerous position, slamming her to the ground, and resting her body weight on Cecilia's back.

69. Harris's actions constituted harmful and offensive contact under Florida common law and were not justified by any lawful authority, as Cecilia posed no threat and the alleged infraction was noncriminal.

70. Harris's conduct was willful and malicious, thereby waiving any defense of sovereign immunity under Fla. Stat. § 768.28.

71. As a direct and proximate result of Harris's battery, Cecilia has suffered damages, including physical injuries (bruises, abrasions, lacerations, elevated blood pressure, a damaged thyroid, and an extracapsular rupture in her breast implant), mental anguish, pain and suffering, emotional distress, fear, trauma, humiliation, embarrassment, and medical expenses.

**COUNT VIII: Battery (Florida Common Law) Against Harris (Isidora)**

72. Plaintiff Isidora re-alleges and incorporates Paragraphs 1-36 as if fully set forth herein.

73. Harris intentionally and unlawfully touched Isidora against her will by forcibly removing her from the vehicle, throwing her to the ground, and striking her while she recorded the incident.

74. Harris's actions constituted harmful and offensive contact under Florida common law and were not justified by any lawful authority, as Isidora had committed no crime and posed no threat.

75. Harris's conduct was willful and malicious, thereby waiving any defense of sovereign immunity under Fla. Stat. § 768.28.

76. As a direct and proximate result of Harris's battery, Isidora has suffered damages, including physical injuries (bruises, abrasions, lacerations), mental anguish, pain and suffering, emotional distress, fear, trauma, humiliation, embarrassment, and medical expenses.

**COUNT IX: False Imprisonment (Florida Common Law) Against Harris (Cecilia)**

77. Plaintiff Cecilia re-alleges and incorporates Paragraphs 1-36 as if fully set forth herein.

78. Harris intentionally and unlawfully restrained Cecilia against her will by seizing her without probable cause, removing her from the vehicle, and detaining her overnight in jail.

79. Cecilia was conscious of her confinement and did not consent to it.

80. Harris's actions were not otherwise privileged and were willful and malicious, thereby waiving any defense of sovereign immunity under Fla. Stat. § 768.28.

81. As a direct and proximate result of Harris's false imprisonment, Cecilia has suffered damages, including mental anguish, emotional distress, humiliation, embarrassment, loss of liberty, immigration consequences, and associated expenses.

**COUNT X: False Imprisonment (Florida Common Law) Against Harris (Isidora)**

82. Plaintiff Isidora re-alleges and incorporates Paragraphs 1-36 as if fully set forth herein.

83. Harris intentionally and unlawfully restrained Isidora against her will by forcibly removing her from the vehicle and throwing her to the ground without probable cause.

84. Isidora was conscious of her confinement and did not consent to it, nor did her parent consent on her behalf.

85. Harris's actions were not otherwise privileged and were willful and malicious, thereby waiving any defense of sovereign immunity under Fla. Stat. § 768.28.

86. As a direct and proximate result of Harris's false imprisonment, Isidora has suffered damages, including mental anguish, emotional distress, humiliation, embarrassment, and associated expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Cecilia Paz Tobarmanriquez and Isidora Belén Ruiz Tobar demand

judgment against Defendants as follows:

a. Compensatory damages for physical injuries, emotional distress, medical expenses, loss of

liberty, and other harms in an amount to be determined at trial, but not less than $5,000,000;

b. Punitive damages against Defendants Harris, Bumgardner, Soler, Price, Gonzalez, Maduri, and

Devriend in their individual capacities for their willful and malicious conduct;

c. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d. Such other and further relief as the Court deems just and proper.

Plaintiffs further demand a trial by jury on all issues so triable pursuant to Federal Rule of Civil

Procedure 38(b).

DATED this 14th day of March, 2025.

                                        **JOHN PIERCE LAW P.C.**

                                        _____

                                        Andrew M. Green, Esq.
                                        Fla. Bar No.: 1058045
                                        JOHN PIERCE LAW P.C.
                                        21550 W. Oxnard Street, 3rd Floor
                                        Woodland Hills, CA 91367
                                        Tel: (516) 474-4278
                                        andrew@johnpiercelaw.com